**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| MELVIN WILLIAMS, | : | |
| | : | |
| Appellant | : | No. 2206 EDA 2017 |

Appeal from the Judgment of Sentence June 9, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0011907-2015

BEFORE: SHOGAN, J., LAZARUS, J., and DUBOW, J.

MEMORANDUM BY DUBOW, J.:                    **FILED SEPTEMBER 27, 2018**

Appellant, Melvin Williams, appeals from the Judgment of Sentence entered by the Philadelphia County Court of Common Pleas following his convictions after a bench trial of Corruption of a Minor and Indecent Assault of a person less than 13 years of age.[1]  In addition, the trial court designated Appellant as a Sexually Violent Predator ("SVP").  Appellant challenges the weight of the evidence and a discretionary aspect of his sentence.  We affirm Appellant's convictions, and his Judgment of Sentence in part.  We vacate Appellant's SVP designation and remand with instructions.

The trial court set forth the underlying facts and we need not repeat them in detail.  **See** Trial Court Opinion, filed 11/8/17, at 2.  Briefly, Appellant inappropriately touched the nine-year-old victim's clothed chest and stomach

_____

[1] 18 Pa.C.S. § 6301(a)(1)(ii) and 18 Pa.C.S. § 3126(a)(7), respectively.

areas on five occasions. *Id.* When she was twelve years old, the victim disclosed Appellant's behavior to her mother. *Id.* Philadelphia Children's Alliance subsequently interviewed the victim, who gave a similar account of Appellant's inappropriate touching. *Id.*

The Commonwealth charged Appellant with Corruption of a Minor and Indecent Assault of a person less than 13 years of age. After a bench trial, the trial court found Appellant guilty of the above offenses.

On June 9, 2017, the trial court sentenced Appellant to an aggregate term of two to five years' incarceration, followed by two years' probation. The trial court ordered Appellant to serve this sentence consecutive to another term of incarceration for a Delaware County conviction at docket No. CP-23-CR-0004645-2015. Based on Appellant's prior Delaware County convictions, the trial court also designated Appellant as a Sexually Violent Predator ("SVP"). *See* N.T. Sentencing, 6/9/17, at 4-5, 13.[2] Significantly, Appellant did not file a Post-Sentence Motion.

On July 6, 2017, Appellant filed a timely Notice of Appeal. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant presents three issues for our review:

[1.] Whether the judge's finding on the Indecent Assault on a Person Less than Thirteen Years of Age charge was against the

---

[2] The sentencing court stated at sentencing that the instant SVP status was imposed "[b]y agreement." N.T. Sentencing, 6/9/17, at 13. There is nothing in the certified record regarding Appellant's prior conviction and SVP designation.

weight of the evidence where the witness did not establish that the Appellant's conduct violated said statute[?]

[2.] Whether the judge's finding on the Corrupting the Morals of a Minor charge was against the weight of the evidence where the witness did not establish that the Appellant had corrupted her morals or enticed her to engage in any immoral or illegal behavior[?]

[3.] Whether a sentence consecutive to Appellant's prior Delaware County sentence was excessive[?]

Appellant's Brief at vi.

### **Weight of the Evidence**

In his first two issues on appeal, Appellant challenges the weight of the evidence supporting each of his convictions. **See** Appellant's Brief at 5-7. Given our resolution of these issues, we address them together.

As an initial matter, a challenge to the weight of the evidence must be preserved either in a written motion before sentencing, orally prior to sentencing, or in a Post-Sentence Motion. Pa.R.Crim.P. 607(A)(1)-(3). "The purpose of this rule is to make it clear that a challenge to the weight of the evidence must be raised with the trial judge or it will be waived." Comment to Pa.R.Crim.P. 607. **See Commonwealth v. Thompson**, 93 A.3d 478, 491 (Pa. Super. 2014) (noting that if an appellant never gives the trial court the opportunity to provide relief, then there is no discretionary act that this Court can review).

A claim challenging the weight of the evidence cannot be raised for the first time in a Pa.R.A.P. 1925(b) Statement. **Commonwealth v. Burkett**,

830 A.2d 1034, 1037 (Pa. Super. 2003). An appellant's failure to avail himself of any of the prescribed methods for presenting a weight of the evidence issue to the trial court constitutes waiver of that claim, even if the trial court responds to the claim in its Rule 1925(a) Opinion. *Id.* at 1037 n.3.

Our review of the record indicates that Appellant failed to raise the issue in the trial court prior to sentencing or in a Post-Sentence Motion. Rather, Appellant raised his weight claim for the first time in his Rule 1925(b) Statement.[3] Accordingly, we find that Appellant has waived his challenge to the weight of the evidence. *See* Pa.R.Crim.P. 607; *Burkett, supra*.

Even if Appellant had preserved his challenge to the weight of the evidence, we conclude he would not be entitled to relief. A trial court will not grant relief on a weight of the evidence claim unless the verdict is so contrary to the evidence as to shock one's sense of justice. *Commonwealth v. West*, 937 A.2d 516, 521 (Pa. Super. 2007). An appellate court will not substitute its assessment of credibility for that of the finder of fact. *Commonwealth v. Manley*, 985 A.2d 256, 262 (Pa. Super. 2009).

On appeal, this Court may not consider the underlying question of whether the verdict is against the weight of the evidence; instead, we are limited to evaluating only the trial court's exercise of discretion in denying that

---

[3] We note that Appellant violated Pa.R.A.P. 2117(c) by failing to include in his statement of the case a "Statement of place of raising or preservation of issues" with respect to his challenges to the weight of the evidence.

- 4 -

claim. ***Commonwealth v. Morales***, 91 A.3d 80, 91 (Pa. 2014). As our Supreme Court has made clear, reversal is only appropriate "where the facts and inferences disclose a **palpable abuse of discretion**[.]" ***Id.*** (citations omitted, emphasis in original). The trial court's denial of a weight claim is the least assailable of its rulings. ***Commonwealth v. Diggs***, 949 A.2d 873, 879-80 (Pa. 2008). ***See Commonwealth v. Morgan***, 913 A.2d 906, 909 (Pa. Super. Ct. 2006) (stating that because the trial court is in best position to view the evidence presented, an appellate court will give that court "the utmost consideration" when reviewing its weight determination).

After a thorough review of the certified record, the briefs of the parties, the applicable law, and the comprehensive and well-reasoned Opinion of the trial court, we conclude that there is no merit to Appellant's weight of the evidence claims on appeal. The trial court appropriately reviewed the record and evaluated the evidence in reviewing Appellant's weight claims in its Rule 1925(a) Opinion. ***See*** Trial Court Opinion at 2-3. We discern no abuse of discretion in the trial court's denial of Appellant's weight claim.

### Discretionary Aspect of Sentence

Appellant argues that the trial court abused its discretion in imposing his sentence consecutively to another sentence from a Delaware County conviction. Appellant's Brief at 8. Appellant claims that this sentence "was excessive in light of Appellant's own untreated experiences of abuse and lack

of determination that a consecutive sentence is necessary to adequately protect the public." ***Id.***

Challenges to the discretionary aspects of sentence are not appealable as of right. ***Commonwealth v. Leatherby***, 116 A.3d 73, 83 (Pa. Super. 2015). Rather, an appellant challenging the sentencing court's discretion must invoke this Court's jurisdiction by (1) filing a timely notice of appeal; (2) properly preserving the issue at sentencing or in a motion to reconsider and modify the sentence; (3) complying with Pa.R.A.P. 2119(f), which requires a separate section of the brief setting forth "a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence[;]" and (4) presenting a substantial question that the sentence appealed from is not appropriate under the Sentencing Code. ***Id.*** (citation omitted).

"[A] written post-sentence motion shall be filed no later than 10 days after imposition of sentence." Pa.R.Crim.P. 720(A)(1). "Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed." ***Commonwealth v. Griffin***, 65 A.3d 932, 935 (Pa. Super. 2013).

It is well established that "where the issues raised assail the trial court's exercise of discretion in fashioning the defendant's sentence, the trial court must be given the opportunity to reconsider the imposition of the sentence either through the defendant raising the issue at sentencing or in a post-

sentence motion." **Commonwealth v. Tejada**, 107 A.3d 788, 798 (Pa. Super. 2015).

Furthermore, "[t]he failure to do so results in waiver of those claims." **Id. See also Commonwealth v. Cartrette**, 83 A.3d 1030, 1042-43 (Pa. Super. 2013) (*en banc*) (finding that, although the appellant raised a substantial question regarding the discretionary aspects of his sentence, he waived the issue by failing to preserve it in a post-sentence motion or at sentencing).

Here, Appellant timely filed his appeal. However, he did not preserve the issue of an excessive sentence in his Post-Trial Motion or at sentencing. In addition, Appellant failed to include a Pa.R.A.P. 2119(f) Statement in his Brief addressing his challenge to the discretionary aspects of his sentence. The Commonwealth has objected to its omission. **See** Commonwealth's Brief at 7-8. Appellant has, thus, waived his challenge to the discretionary aspects of his sentence. Pa.R.A.P. 2119(f). **See also Commonwealth v. Eisenberg**, 98 A.3d 1268, 1275 (Pa. 2014) (holding that where a defendant fails to include in his brief a Pa.R.A.P. 2119(f) Statement and the Commonwealth objects, the challenge will be deemed waived).[4]

---

[4] Moreover, this Court has opined that trial courts have discretion to order sentences to run consecutively. **Commonwealth v. Austin**, 66 A.3d 798, 808 (Pa. Super. 2013). A bald claim that an aggregate sentence is manifestly excessive because the individual sentences are consecutive does not raise a substantial question. **Commonwealth v. Dodge**, 77 A.3d 1263, 1270 (Pa. Super. 2013).

**Legality of Sentence**

Before concluding our analysis, however, we *sua sponte* address the legality of Appellant's SVP designation. This court may review issues regarding the legality of sentence *sua sponte*. ***Commonwealth v. Butler***, 173 A.3d 1212, 1214 (Pa. Super. 2017), *appeal granted*, No. 47 WAL 2018 (Pa. July 31, 2018). "We review the legality of a sentence *de novo* and our scope of review is plenary." ***Id.*** at 1215.

In ***Butler***, this Court found that 42 Pa.C.S. § 9799.24(e)(3) of SORNA, which governs the SVP-designation process, is unconstitutional. ***Butler***, 173 A.3d at 1218 (applying ***Commonwealth v. Muniz***, 164 A.3d 1189 (Pa. 2017), ***Apprendi v. New Jersey***, 530 U.S. 466 (2000), and ***Alleyne v. United States***, 570 U.S. 99 (2013)). As a result, the ***Butler*** Court held that "trial courts cannot designate convicted defendants SVPs (nor may they hold SVP hearings) until our General Assembly enacts a constitutional designation mechanism." ***Id.***

In the present case, the court determined that Appellant was an SVP based on a prior SVP designation and the court, thus, ordered lifetime registration. N.T., 6/9/17, at 4-5, 13 (the trial court accepted that "[b]y agreement, [Appellant has] already been determined to be a sexually violent predator."). ***See also id.*** at 18-19 ("Sir, disregard anything about 15 years. It's lifetime, this case, as it is in the other case."); Docket entry, 6/9/17 ("Defendant Ruled A Violent Sexual Predator."); Judgment of Sentence,

6/9/17, at 1-2, 4 (stating repeatedly "Defendant To Comply With Requirements of Megan's Law Including Lifetime Registration" and "Defendant Ruled A Violent Sexual Predator."); "Notice of Registration Requirements – Tier III Offenders," dated 6/9/17, at ¶3 ("You are subject to lifetime registration with the Pennsylvania State Police.").[5]  There is no mechanism in any statute for imposing SVP designation by agreement.  Moreover, pursuant to **Muniz** and **Butler**, there was no constitutional mechanism in place for the trial court's imposition of SVP designation at all.

In light of **Butler**, we must reverse the trial court's SVP Order and remand this case to the trial court for the sole purpose of determining Appellant's registration requirements.[6]  **Id.**  Based on the foregoing, we affirm Appellant's convictions, vacate the portion of Appellant's sentence with regard to the finding that Appellant is an SVP, and remand to the trial court for the sole purpose of determining Appellant's registration requirements, if any.  We affirm Appellant's Judgment of Sentence in all other respects.

_____

[5] We note that the trial court did so despite dispensing with many of the requirements pursuant to 42 Pa.C.S. § 9799.24, including an assessment. Even if it did not so intend, the trial court signed Appellant's Judgment of Sentence and filed docket entries indicating that Appellant is currently designated an SVP with lifetime registration requirements for this case.

[6] We note that our General Assembly recently enacted legislation to reenact the SORNA registration system, applying to individuals who commit an eligible offense on or after December 20, 2012.  **See** Act 29 of 2018 (H.B. 1952); 42 Pa.C.S. § 9799.23.  Given the timing of Appellant's sentencing and the filing of the relevant cases discussed above, the trial court did not have the opportunity to decide what, if any, effect this legislation had on Appellant.

Convictions affirmed. Judgment of Sentence affirmed in part and vacated in part. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/27/18